CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, APPELLANT, V. GEORGE TOWNSEND ET AL.: JAY C. MOORE, APPELLEE.

FILED JANUARY 25, 1935. No. 29334.

*Cranny & Moore* and *Raymond B. Morrissey*, for appellant.

*Jay C. Moore, Peterson & Devoe* and *F. C. Radke*, contra.

Heard before GOSS, C. J., EBERLY, DAY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

PER CURIAM.

This is an appeal from an order confirming a judicial sale.

Plaintiff foreclosed a first mortgage upon two different tracts of land. All parties having liens and otherwise interested were made parties. The decree gave plaintiff a lien for $12,776.35 upon the two tracts, the first of which consisted of 80 acres, the second of 93.45 acres. The decree gave Jay C. Moore a second lien upon the larger tract. It also decreed several judgment liens to other defendants, but it is unnecessary to recite them here.

The decree directed that the sheriff sell as upon execu-

tion and that he "first offer for sale" the 80-acre tract, separately from the larger tract. The decree did not specifically state that, after the first tract was offered, then the sheriff should offer the larger tract, and then in turn should offer all the land as a whole. The sheriff offered the 80-acre tract, then the other,. but there were no bidders. Thereupon plaintiff bid $13,750 for both tracts. The sheriff refused to accept the bid. He interpreted the decree to mean that he should not offer the land for sale as an entire tract and announced that he would make a return to the order of sale showing no bids. Thereafter nominal bids were made on the 80-acre tract until it reached $1,800. The sheriff then stated he would not offer the larger tract until the other was sold. Under the erroneous ruling and interpretation of the sheriff, and without personal knowledge of the character of the smaller tract, the plaintiff's bidder made a bid of $6,000 on that tract, and Jay C. Moore bid $9,300 on the second tract, on which he had a lien. There is evidence tending to show that the smaller tract is worth about $4,000, and that plaintiff stands to lose $2,000 of its' principal by reason of the circumstances.

While the decree did not specifically order the land to be offered as a unit after the tracts had been offered separately, the evidence indicates that, when the . trial court made up his minutes for the decree, this omission was noticed by plaintiff's attorney, and the court was requested to insert the provision and announced that his minutes and record would be changed to comply with the request. At the time for confirmation a motion by plaintiff asked that a *nunc pro tunc* order be made to cover this point in the decree. In the order confirming the sale this motion for the order *nunc pro tunc* was refused "for the reason that the decree as now entered is in effect the same as requested and for the further reason that the entry of the requested change would not affect the rights of any of the parties." This last reason probably goes to the question of estoppel of plaintiff by reason

of its bid. For the purpose of another sale, we think the decree should make this so plain that the sheriff will know it is his duty to entertain a bid of plaintiff on the whole tract of land. The order *nunc pro tunc* should be made.

Plaintiff's attorney interpreted the decree and order of sale as did the court, but the sheriff interpreted the order of sale to require him, not only to offer for sale, but actually to sell the smaller tract before he sold the other. This is shown in the bill of exceptions by affidavit of J. D. Cranny, attorney for plaintiff. The sheriff made affidavit, which is also in the bill of exceptions, and he does not deny this positive statement of fact. We think the fundamentals of a fair sale did not obtain, that plaintiff was taken by surprise, was in effect coerced by the sheriff, and so made an improvident bid on the 80-acre tract, from which it should be relieved.

The judgment of the district court is reversed, with instructions to provide for a sale of the two tracts of land so that plaintiff may make a lump sum bid upon all the land without being required to make a bid upon either tract separately. This is to be understood as not interfering with the offering for sale of the tracts separately, but it is not to compel plaintiff so to bid.

REVERSED.